**FORM 1.997. CIVIL COVER SHEET**

<span style="color:red">EXHIBIT A</span>

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>SANDRA CARTER</u>
 Plaintiff
         vs.

<u>Sprint</u>
Defendant

---

**II.   AMOUNT OF CLAIM**
   Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>1,000,000</u>

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions
☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical

   ☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

☐ County Civil
   ☐ Small Claims up to $8,000
   ☐ Civil
   ☐ Replevins
   ☐ Evictions
   ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☐  Non-monetary declaratory or injunctive relief;
☐  Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Keith Roger Herbert</u>
          Attorney or party
FL Bar No.:  <u>612601</u>
          (Bar number, if attorney)
          <u>Keith Roger Herbert</u>
          (Type or print name)
     Date:  <u>05/29/2020</u>

IN THE CIRCUIT OF THE  ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER                                                Case No.:
Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US
Defendant,
_____/

## **COMPLAINT**

 COMES NOW, Plaintiff, SANDRA CARTER, individually, and sues Defendants

SPRINT CORPORATION, d/b/a SPRINT, a foreign corporation (also sued under its common

name of "SPRINT") and T-MOBILE, US, Inc, a Florida corporation, and alleges as follows:

1.      This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars, not

        including, Attorney's fees and costs, and within the jurisdictional limits of the court, in

        accordance with Florida Statue §26.012.

2.      Plaintiff, SANDRA CARTER, is a resident of Florida, and before the Court for all

        purposes.

3.      Defendant, SPRINT CORPORATION does business in Miami-Dade County, Florida and

        may be served with process by serving its registered agent for service, CORPORATION

        SERVICE COMPANY at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

4.      Defendant T-Mobile US, Inc. does business in Florida and may be served with process by

        serving its registered agent for service, CORPORATION SERVICE COMPANY at 1201

        Hays Street, Tallahassee, Florida  32301.

5.     Defendants are, for purposes of this Complaint, citizens of Florida and act and behave as Florida For Profit Corporations conducting business throughout the State of Florida. Said Defendants owned, controlled, operated, staffed, and managed, that certain SPRINT STORE located at  19831 NW 2nd Ave. Miami, Florida  33169. All conditions precedent to maintaining this action have occurred, been performed, or have been waived and all mandated notices sent and received.  Defendants' contact with Florida has been substantial and long lasting.

6.     Pursuant to Florida Statute §47.011, venue is proper because the subject incident occurred in Miami-Dade County, Florida.

7.     Upon information and belief, Defendant T-MOBILE US, INC. is a successor in interest to Defendant SPRINT and jointly and severally liable for Defendant SPRINT's liability to this Plaintiff.

<u>GENERAL ALLEGATIONS</u>

8.     At all times material hereto, Plaintiff, SANDRA CARTER, was an invitee when she entered Defendant's premises (SPRINT STORE) at 19831 NW 2nd Ave. Miami, Florida 33169.  Plaintiff entered the aforementioned establishment for a business purpose offered by Defendants.  Upon attempting to leave, this Plaintiff tripped and fell on various negligently placed  phone or computer wires, connections, and/or cables hanging down and improperly installed, or secured, or contained, at that location with no warnings associated with same.    As a result of the negligence of Defendants, this Plaintiff suffered immediate and severe injuries to her body in general.

## **NEGLIGENCE**

Plaintiff, SANDRA CARTER, affirms and re-alleges each and every allegation contained in the general allegations as fully set forth herein and further alleges as follows:

9.      On or about May 6, 2017,  Defendants,  by and through its agents, employees, contractors, and/or servants, negligently and carelessly operated that certain storefront at the aforementioned address for their business profit and failed to warn or make safe the premises upon which Plaintiff was a specific invitee by:

    a.  Failing to warn of dangerous conditions;

    b.  Negligent hiring and retention;

    c.  Failing to make safe the premises upon which Defendant invited this plaintiff to do business;

    d.  Failing to inspect and make safe the premises in general;

    e.  Failing to train and supervise its employees;

    f.  Failing to inspect and correct work done by third party employees;

    g.  Failing to inspect and correct its premises and/or  work done by its own employees;

    h.  Failing to hire qualified and/or competent employees; and,

    i.  Failing to warn of the referenced danger.

10.    As a result of one or more of the negligent acts and/ omissions listed above, Plaintiff was caused to sustain serious personal injuries and loss of income.

11.    As a result, thereof, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and permanent disfigurement and/or scarring. The losses are either permanent or continuing in nature and plaintiff will continue to suffer those losses in the future.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff, SANDRA CARTER, demands judgment, after notice and hearing**,**

against Defendants for general damages and for such other and further relief, in law or in equity,

to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, SANDRA CARTER, Herein demands a trial by jury on all issues so triable by law.

 Dated this 29th day of May, 2020.


**KEITH R. HERBERT**
*Counsel for Plaintiff*
7604 Hilton Head Drive, Suite 300
McKinney, Texas 75072
Telephone (888) 529-4114
*Facsimile (888) 840-9983*
**E-Service Email@HerbertLawGroup.com**
**E-Service is only accepted at the above**
**Designated e-Service email address**


By:_____s/Keith R. Herbert_____
**KEITH R. HERBERT, Esquire**
            Fla. Bar No. 612601

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER                                    Case No.:  2020-011461-CA-01

Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

Defendant,

_____/

## SUMMONS

**THE STATE OF FLORIDA**

To All and Singular the Sheriffs of the State

  **YOU ARE COMMANDED**  to serve this Summons and a Copy of the Complaint in this action

on Defendant:

<div align="center">

**Sprint Corporation d/b/a Sprint and T-Mobile**
**CSC, 251 Little Falls Drive**
**Wilmington, Delaware 19808-1674**
**(888) 690-2882**

</div>

  Each Defendant is required to serve written defenses to the Complaint on KEITH R. HERBERT,

Plaintiff's attorney, who address is;   KEITH R. HERBERT, P.A., 7604 Hilton Head Drive, Suite 300,

McKinney, Texas 75072, within twenty (20) days after service of this Summons on that Defendant,

exclusive of the day of service, and to file the original of the defenses with the Clerk of Court either before

service, on Plaintiff's attorney, or immediately thereafter.  If a Defendant fails to do so, a default will be

entered against that Defendant for the relief demanded in the Complaint.

  **WITNESS** my hand and the seal of this Court on _____

<div align="center">

**CLERK OF COURT**

**By:**_____
     **Deputy Clerk**

</div>

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER                                    Case No.:  2020-011461-CA-01

Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

Defendant,
_____/

### SUMMONS

**THE STATE OF FLORIDA**

To All and Singular the Sheriffs of the State

   **YOU ARE COMMANDED** to serve this Summons and a Copy of the Complaint in this action

on Defendant:

**Sprint Corporation d/b/a Sprint and T-Mobile**
**CSC, 251 Little Falls Drive**
**Wilmington, Delaware 19808-1674**
**(888) 690-2882**

   Each Defendant is required to serve written defenses to the Complaint on KEITH R. HERBERT,

Plaintiff's attorney, who address is;  KEITH R. HERBERT, P.A., 7604 Hilton Head Drive, Suite 300,

McKinney, Texas 75072, within twenty (20) days after service of this Summons on that Defendant,

exclusive of the day of service, and to file the original of the defenses with the Clerk of Court either before

service, on Plaintiff's attorney, or immediately thereafter.  If a Defendant fails to do so, a default will be

entered against that Defendant for the relief demanded in the Complaint.

   **WITNESS** my hand and the seal of this Court on ___11/17/2020___

           **CLERK OF COURT**

           308760

           **By:**_____

             **Deputy Clerk**

SANDRA CARTER vs SPRINT CORPORATION, d/b/a     Case No.: 2020-011461-CA-01
SPRINT and T-MOBILE US     Page 1
Plaintiff's First Set of Interrogatories to Defendant

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER        Case No.: 2020-011461-CA-01
Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US
Defendant,
_____/

## **PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES**

**COMES NOW** the Plaintiff, SANDRA CARTER, by and through her undersigned

attorney, and hereby propound the attached written Interrogatories to the Defendant, SPRINT

CORPORATION d/b/a SPRINT, and T-Mobile US requests Answers of said interrogatories,

pursuant to Florida Rules of Civil Procedure, Rule 1.340 within (30) thirty days.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to

Defendant's counsel Sean McDonough, Wilson Elser, through the Florida e-Portal and e-mail

sean.mcdonough@wilsonelser.com

Submitted on February 24, 2021.

**KEITH R. HERBERT**
*Counsel for Plaintiff*
7604 Hilton Head Drive, Suite 300
McKinney, Texas 75072
Telephone (888) 529-4114
*Facsimile (888) 840-9983*
***E-Service Email@HerbertLawGroup.com***
*E-Service is only accepted at the above*

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a      Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                                 Page 2
Plaintiff's First Set of Interrogatories to Defendant

*Designated e-Service email address*

By:_____s/Keith R. Herbert_____

**KEITH R. HERBERT, Esquire**

Fla. Bar No. 612601

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a          Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                                             Page 3
Plaintiff's First Set of Interrogatories to Defendant

## **INTERROGATORIES**

1.      State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation and responses to these interrogatories.

2.      At the time of the incident, was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the incident, if so, for each policy state:

    a)      Kind of coverage;
    b)      Name and address of the insurance company;
    c)      The name, address and telephone number of each named insured;
    d)      The insurance policy number;
    e)      The limits of coverage for each type of coverage contained in the policy;
    f)      Whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;
    g)      The name, address, and telephone number of the custodian of the policy.

3)      State the name, address, and telephone number of each individual:

    a)      Who witnessed the incident or the events occurring immediately before or after the incident;
    b)      Who heard any statements made about the incident by any individual at the scene;
    c)      Who you, or anyone acting on your behalf, claims has knowledge of the incident.

4)      For each of your employees physically present at the time and place of the incident, please state:

    a)      His or her name, address, and telephone number;
    b)      Job title as of the date of this incident;
    c)      Whether she or he was on duty at the time of the incident;
    d)      The job or function she or he was performing at the time of the incident.

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a     Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US     Page 4
Plaintiff's First Set of Interrogatories to Defendant

5)     Have you or anyone acting on your behalf interviewed any individual concerning the incident?  If so, for each individual, state:

    a)     The name, address, and telephone number of the individual interviewed;
    b)     The date of the interview;
    c)     The name, address, and telephone number of the person who conducted the interview.

6)     Have you, or anyone acting on your behalf, obtained a written or recorded statement from any individual concerning the incident in question?  If so, for each state:

    a)     The name,  address, and telephone number of the individual for whom the statement was obtained;
    b)     The name, address, and telephone number of the individual who obtained the statement;
    c)     The date the statement was obtained;
    d)     The name, address, and telephone number of each person who has the original statement or copy.

7)     Do you, or anyone acting on your behalf, know of any photographs, films, or videotapes depicting any place, object, or individual concerning the incident or Plaintiff's injuries?  If so, state:

    a)     The number of photographs or feet of film or videotapes;
    b)     The places, objects, or persons photographed, filmed or videotaped;
    c)     The date the photographs, films, or videotapes were taken;
    d)     The name, address, and telephone number of the individual taking the photographs, films or videotapes;
    e)     The name, address, and telephone number of each person who has the original or copy.

8)     Please identify the person or persons (being sure to set forth the name,  address, and telephone number for each and their relationship to you) responsible for the installation of the wires and cables upon which this Plaintiff tripped, or purported to have tripped, as described and set forth in her original complaint.

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a      Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US      Page 5
Plaintiff's First Set of Interrogatories to Defendant

9)       Was a report made by any person concerning the incident?  If so, state:

     a)       The name, title identification number and employer of the person who made the report;
     b)       The date and type of report made;
     c)       The name, address, and telephone number of the person for whom the report was made.

10)       Have you, or anyone acting on your behalf, inspected the scene of the incident?  If so, for each inspection, state:

     a)       The name, address, and telephone number of the individual making the inspection;
     b)       The date of the inspection.

11)       Did you, or anyone acting on your behalf, cause any investigation to be conducted at any time in connection with the subject matter of this action?  If so, please state for each such investigation:

     a)       The date of each investigation;
     b)       Where the investigation was made;
     c)       The name of the person conducting each such investigation;
     d)       The name and capacity of all persons present or contacted at any time during the investigation;
     e)       Whether any notes or memorandum of any kind were made in connection with the investigation;
     f)       Whether a report of the investigation was made;
     g)       The date of such report;
     h)       The name of the person making such report;
     I)       Whether such report was oral or in writing;
     j)       The present location of each such written report;
     k)       The name and address of the person having custody of each written report.

12)       Within the past five years, has the Defendant received or become aware of any claims resulting from injuries alleged to be suffered in a slip and fall or trip and fall incident at the location where Plaintiff fell?

13)       For each claim mentioned in your answer to the above-referenced interrogatory, please state:

     a)       The date of the injury;

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a          Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                               Page 6
Plaintiff's First Set of Interrogatories to Defendant

      b)      The date the claim was received;
      c)      The name and address of the injured claimant;
      d)      The name and address of claimant's attorney (if any).

14)    Within the past five years, have you been a defendant in any other personal injury lawsuits arising from slip and fall or trip and fall incidents suffered, or alleged to be suffered, at the location where Plaintiff fell?

15)    If your answer to Interrogatory No. 15 above is in the affirmative, please state:

      a)      The date each of the referenced lawsuits was filed;
      b)      The court in which each was filed;
      c)      The case names;
      d)      The case or cause numbers;
      e)      The attorneys who represented each Plaintiff; and,
      f)      The date of the alleged injury producing incident for each  lawsuit.

16)    What is the name, address and telephone number of the manager of the location where the Plaintiff fell?

17)    Identify with sufficient particularity to allow Plaintiff to frame a Request for Production, all procedure manuals, letters, memos, instruction manuals, and other writings that pertain to or concern any way the installation and care of electronics and their accompanying wires, cables, and cords at the location where Plaintiff was injured.

18)    Please identify each warning sign or label made available to, and directed toward, invitees and/or the general public, at the business location where the incident made the basis of this cause of action occurred.

19)    Please identify (being sure to set forth the name,  address, and  telephone number) each third party, if any, responsible for the installation of the wires and cables upon which this Plaintiff tripped, or purported to have tripped, as described and set forth in her original complaint.

20)    Identify all writings (including, but not limited to, time logs, sweep sheets, time sheets, notes, cleaning logs, maintenance records, purchase records and service records) which support your answers to the above interrogatories.

SANDRA CARTER vs SPRINT CORPORATION, d/b/a          Case No.: 2020-011461-CA-01
SPRINT and T-MOBILE US                             Page 7
Plaintiff's First Set of Interrogatories to Defendant

21)   Please set forth the proper names of each defendant named in this cause of action.

22)   Please set forth whether Defendant T-Mobile US (a/k/a T-Mobile USA) has agreed to be
      Liable for personal injury damages incurred by Defendant SPRINT CORPORATION prior
      their merger and the terms of same, limited to their application to this cause of action

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a  Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US        Page 8
Plaintiff's First Set of Interrogatories to Defendant

 

 

_____
On Behalf of SPRINT CORPORATION

 

STATE OF FLORIDA       )
             )
COUNTY OF _____ )

 

SWORN TO AND SUBSCRIBED before me, personally appeared

_____, who, after being first duly sworn, deposes and says

that he/she executed the foregoing Interrogatories on this the ___ day of _____, 2021.

 

_____
NOTARY PUBLIC

My Commission Expires:

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER                                    Case No.:  2020-011461-CA-01
Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US
Defendant,
_____/

## REQUEST FOR ADMISSIONS

Plaintiff, SANDRA CARTER, by and through undersigned counsel, in accordance with rule 1.370 of the Florida Rules of Civil Procedure, hereby propose the attached request for admissions to Defendant, SPRINT CORPORATION, d/b/a SPRINT and T-Mobile US., to be answered in writing within thirty (30) days from receipt hero, or within forty-five (45) days from service of process of the initial pleading in the above-captioned matter, whichever is later.

**YOU ARE FURTHER ADVISED** that if these matters are not admitted, but the same or proved during trial, plaintive apply to the court for reimbursement by defendant of any expenses necessary to prove the same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Defendant, SPRINT CORPORATION d/b/a SPRINT and T-Mobile US's counsel, Sean McDonough,   Wilson Elser, through   the   Florida   e-Portal   and   by   e-mail   to sean.mcdonough@wilsonelser.com

Submitted on February  24, 2021.

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a       Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                                  Page 2
Plaintiff's Request for Admissions

**KEITH R. HERBERT**
*Counsel for Plaintiff*
7604 Hilton Head Drive, Suite 300
McKinney, Texas 75072
Telephone (888) 529-4114
*Facsimile (888) 840-9983*
***E-Service Email@HerbertLawGroup.com***
*E-Service is only accepted at the above*
*Designated e-Service email address*


By:     s/Keith R. Herbert            
**KEITH R. HERBERT, Esquire**
      Fla. Bar No. 612601

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a        Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                             Page 3
Plaintiff's Request for Admissions

## REQUEST FOR ADMISSIONS

1.      That on or about May 6, 2017, the Plaintiff, SANDRA CARTER was an invitee on the

Defendant's premises.

2.      That on or about May 6, 2017, the Defendant, SPRINT CORPORATION d/b/a SPRINT

and T-Mobile US, owed a reasonable duty of care to remedy dangerous conditions on its premises

or to warn invitees of the presence of dangerous conditions on its premises.

3.      That on or about May 6, 2017, the Plaintiff, SANDRA CARTER, an invitee on the

Defendant, SPRINT CORPORATION d/b/a SPRINT and T-Mobile US, premises tripped and fell

on a wire that was in the customer area

4.      That the Plaintiff, SANDRA CARTER, incurred health care costs as a result of her injuries.

5.      That the Plaintiff, SANDRA CARTER, lost income as a result of her injury disabling  her

        from work for a period of time.

6.      That the Plaintiff, SANDRA CARTER, is a third party beneficiary of the insurance contract

        between the Defendant, SPRINT CORPORATION d/b/a SPRINT and T-Mobile US.

7.      That the contract of insurance provides medical payments coverage to third parties who are

injured on the Defendant's, SPRINT CORPORATION d/b/a SPRINT and T-Mobile US,  property.

8.      The Defendant's insurance company has refused to tender the medical payments coverage

limits to the Plaintiff's health care providers.

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a       Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                                     Page 4
Plaintiff's Request for Admissions

9.      That the Plaintiff,  SANDRA CARTER did not contribute to her slip and fall injury

which is alleged in the Complaint.

10.     That the Plaintiff,  SANDRA CARTER did not assume the risk of the injuries she suffered

on May 6, 2017.

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER                                Case No.:  2020-011461-CA-01
Plaintiff,

vs.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US
Defendant,
_____/

## **PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT SPRINT CORPORATION AND T-MOBILE US**

Plaintiff, SANDRA CARTER, by and through her undersigned counsel, in accordance with rule 1.350 of the Florida Rules of Civil Procedure, hereby propose the attached Request for Production to Defendant, SPRINT CORPORATION, d/b/a SPRINT and T-Mobile US., to be Responded to within thirty (30) days of service.

## **REQUEST FOR PRODUCTION**

As used in this request for production of documents and things, the term "documents" includes statements, writings and recordings of every kind (mechanical, electronic, typed or written), including, but not limited to, letters, correspondence, maps, diagrams, photographs, motion pictures, memoranda, notes, reports and transcriptions in the possession of, subject to the control of, or within the knowledge of Defendant or counsel for Defendant, or any consultants or experts retained by Defendant or counsel for Defendant. If you decline to produce any of the requested documents or things on the ground of privilege, please provide a descriptive list of each such document or thing and state the grounds for your refusal to produce each such document or thing.

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a      Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US      Page 2
Plaintiff's Request for Production

## **DOCUMENTS OR THINGS TO BE PRODUCED**

**1.** Copies of any statements made by Plaintiff, Defendant or any witness.

2. Copies of any photographs, videotapes or motion pictures taken regarding this case.

3. Copies of any report of slip(s) and/or trip(s) and/or fall(s) in the area where this incident occurred for the five-year prior to the date of this incident and during the two-year period subsequent to the date of this incident.

4. Copies of any report and/or complaint made with regard to a condition of the floors and/or walking surfaces in the area where this incident occurred

5. Copies of any documents describing or referring to the system or routine of inspecting and/or maintaining the floors and/or stairs and/or carpeting and/or walking surfaces of the area where this incident occurred in effect as of the date of this incident.

6. Copies of any agreement between the named defendant and any individual or entity hired to assist with the maintenance or care of the area where this incident occurred in effect as of the date of this incident.

7. Copies of any document referring to or describing any repairs, replacements, or alterations to the floor and/or walking area and/or floor covering of the area where this incident occurred which were performed after this incident.

8. Copies of any documents which refer to any inspection made of the area where this incident occurred on the date of this incident, prior to the time the incident occurred.

SANDRA CARTER vs  SPRINT CORPORATION, d/b/a          Case No.:  2020-011461-CA-01
SPRINT and T-MOBILE US                                               Page 3
Plaintiff's Request for Production

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to

Defendant's counsel Sean McDonough,  Wilson Elser, through the Florida e-Portal and by  e-mail

to sean.mcdonough@wilsonelser.com this 24th day of February 2021.


**KEITH R. HERBERT**
*Counsel for Plaintiff*
7604 Hilton Head Drive, Suite 300
McKinney, Texas 75072
Telephone (888) 529-4114
*Facsimile (888) 840-9983*
***E-Service Email@HerbertLawGroup.com***
*E-Service is only accepted at the above*
*Designated e-Service email address*


By:      s/Keith R. Herbert
**KEITH R. HERBERT, Esquire**
Fla. Bar No. 612601

SANDRA CARTER                                          Case No.:  2020-011461-CA-01

Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

Defendant,

_____/

## **SUMMONS**

**THE STATE OF FLORIDA**

To All and Singular the Sheriffs of the State

      **YOU ARE COMMANDED**  to serve this Summons and a Copy of the Complaint in this

action on Defendant:

<div align="center">

**Registered Agent (Service Only)**
**T-Mobile US**
**1201 Hays Street**
**Tallahassee, FL 32301**
**850-521-1000**

</div>

      Each Defendant is required to serve written defenses to the Complaint on KEITH R.

HERBERT, Plaintiff's attorney, who address is:  KEITH R. HERBERT, P.A., 7604 Hilton Head

Drive, Suite 300, McKinney, Texas 75072, within twenty (20) days after service of this Summons

on that Defendant, exclusive of the day of service, and to file the original of the defenses with the

Clerk of Court either before service, on Plaintiff's attorney, or immediately thereafter.  If a

Defendant fails to do so, a default will be entered against that Defendant for the relief demanded

in the Complaint.

      **WITNESS** my hand and the seal of this Court on _____

<div align="right">

**CLERK OF COURT**

**By:**_____
**Deputy Clerk**

</div>

SANDRA CARTER            Case No.:  2020-011461-CA-01

Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

Defendant,

_____/

### **SUMMONS**

**THE STATE OF FLORIDA**

To All and Singular the Sheriffs of the State

     **YOU ARE COMMANDED**  to serve this Summons and a Copy of the Complaint in this action on Defendant:

<div align="center">

**Registered Agent (Service Only)**
**T-Mobile US**
**1201 Hays Street**
**Tallahassee, FL 32301**
**850-521-1000**

</div>

     Each Defendant is required to serve written defenses to the Complaint on KEITH R. HERBERT, Plaintiff's attorney, who address is:  KEITH R. HERBERT, P.A., 7604 Hilton Head Drive, Suite 300, McKinney, Texas 75072, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of Court either before service, on Plaintiff's attorney, or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

     **WITNESS** my hand and the seal of this Court on _____4/1/2021_____

<div align="right">

**CLERK OF COURT**

By:_____

**Deputy Clerk**

306760

</div>

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER,                               CASE NO.:  2020-CA-011461 01

      Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

      Defendants.

_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendants, SPRINT CORPORATION and T-MOBILE US ("Defendants"), file this Answer, Affirmative Defenses, and Demand for Jury Trial in response to Plaintiff's Complaint, and state as follows:

1.    Defendants admit the allegations of paragraph 1 for jurisdictional purposes only, and deny the remainder of the allegations in paragraph 1.

2.    Defendants admit the allegations of paragraph 2.

3.    Defendants admit the allegations of paragraph 3.

4.    Defendants admit the allegations of paragraph 4.

5.    Defendants deny the allegations of paragraph 5.

6.    Defendants admit the allegations of paragraph 6.

7.    Defendants deny the allegations of paragraph 7.

## GENERAL ALLEGATIONS

8.    Defendants deny the allegations of paragraph 8.

## NEGLIGENCE

Defendants incorporates their responses to paragraphs 1 through 8 as if fully set forth herein.

9. Defendants deny the allegations of paragraph 9 including all subparts.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

## AFFIRMATIVE DEFENSES

1. If Plaintiff sustained damages as alleged in the Complaint, which are denied, said damages were caused solely by or contributed by the acts, omissions, and fault of a third party, pursuant to Florida Statute § 768.81, and were not caused or contributed to by any acts, omissions, or fault of Defendants, or any of their officers, agents, contractors, servants, employees, or others whom were responsible. Defendants expressly reserve the right to amend their Affirmative Defenses to specifically name other individuals or entities as *Fabre* Defendants.

2. Defendants affirmatively allege that Plaintiff failed to use reasonable care, and that said negligence proximately caused or contributed to the injuries or damages sustained by the Plaintiff. Therefore, any award to which the Plaintiff may be entitled is barred or must be reduced accordingly, pursuant to the doctrine of comparative negligence in Section 768.81, Florida Statutes.

3. Defendants affirmatively allege that Plaintiff assumed the risk of injury and damages by virtue of her actions and/or inactions and therefore, Plaintiff's action is barred in whole or in part.

4. Defendants affirmatively allege that the dangerous condition referred to in

253170350v.1

Plaintiff's Complaint, if any, was known to Plaintiff, or, alternatively, if such condition was not known to Plaintiff, then such condition was so open and obvious as to be known to the Plaintiff as a matter of law and, therefore, Defendants owed no duty to Plaintiff.

5.      Defendants affirmatively allege that Plaintiff's knowledge of the condition complained of in Plaintiff's Complaint was equal to or greater than that of Defendants and therefore, Defendants are not liable to Plaintiff.

6.      Defendants are entitled to a setoff of all collateral source benefits paid or payable to Plaintiff under the provision of Section 768.76, Florida Statutes, or any other applicable statutes.

7.      Defendants affirmatively allege that Plaintiff failed to mitigate the damages she alleges to have suffered in Plaintiff's Complaint, including but not limited to a failure to timely seek medication attention and/or failing to heed the advice of medical personnel.

8.      Defendants affirmatively allege that Plaintiff's right to proceed in this action shall be extinguished due to Plaintiff's willful destruction of material evidence critical to Defendants' ability to adequately defend against the allegations in the Complaint, i.e. the shoes she was wearing at the time of the incident alleged herein.

9.      Defendants' liability for medical expenses does not include contractual adjustments, write-offs, or the like. Defendants are also entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

253170350v.1

10.     Defendants are liable only for a proportionate share of liability based upon the percentage of negligence, if any, apportioned to Defendants.

11.     Plaintiff fails to state a cause of action against Defendants, as Plaintiff failed to allege the duty owed to her by either Defendant. *Abad v. G4S Secure Sols. (USA), Inc.*, 293 So. 3d 26, 29 (Fla. 4th DCA 2020); *Harris v. Lewis State Bank*, 482 So. 2d 1378, 1384 (Fla. 1st DCA 1986).

12.     Plaintiff fails to state a cause of action and otherwise fails to comply with Fla. R. Civ. P. 1.110, as Plaintiff does not assert separate counts against the Defendants and otherwise impermissibly commingles multiple claims against the Defendants in one count. *K.R. Exch. Servs. v. Fuerst, Humphrey, Ittleman, PL*, 48 So. 3d 889, 893-94 (Fla. 3d DCA 2010); *Aspsoft, Inc. v. WebClay, Inc.*, 983 So. 2d 761, 768 (Fla. 5th DCA 2008); *Pratus v. City of Naples*, 807 So. 2d 795, 796-797 (Fla. 2d DCA 2002).

## <u>DEMAND FOR JURY TRIAL</u>

Defendants demand a trial by jury of all issues by right so triable.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 26, 2021**, I electronically filed the foregoing pursuant to the

Supreme Court of Florida Order No. AOSC13-49 with the Clerk of Court by using the Florida

Courts E-Filing Portal who will send notice of this electronic filing to: **KEITH R. HERBERT,**

**ESQUIRE**, (email@herbertlawgroup.com; service@HerbertLawGroup.com), The Herbert Law

Group, (Attorneys for Plaintiff).

/s/ Steven E. Hermosa
SEAN M. McDONOUGH, ESQUIRE
Florida Bar No. 896446
sean.mcdonough@wilsonelser.com
STEVEN E. HERMOSA, ESQUIRE
Florida Bar No. 1009689
steven.hermosa@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida    32801
407-203-7599 - Phone
407-648-1376 - Facsimile
Attorneys for Defendants

253170350v.1

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER,

CASE NO.:  2020-CA-011461 01

     Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

     Defendants.

_____/

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendants, SPRINT CORPORATION and T-MOBILE US ("Defendants"), file this Answer, Affirmative Defenses, and Demand for Jury Trial in response to Plaintiff's Complaint, and state as follows:

1.     Defendants admit the allegations of paragraph 1 for jurisdictional purposes only, and deny the remainder of the allegations in paragraph 1.

2.     Defendants admit the allegations of paragraph 2.

3.     Defendants admit the allegations of paragraph 3.

4.     Defendants admit the allegations of paragraph 4.

5.     Defendants deny the allegations of paragraph 5.

6.     Defendants admit the allegations of paragraph 6.

7.     Defendants deny the allegations of paragraph 7.

### GENERAL ALLEGATIONS

8.     Defendants deny the allegations of paragraph 8.

## NEGLIGENCE

Defendants incorporates their responses to paragraphs 1 through 8 as if fully set forth herein.

9.      Defendants deny the allegations of paragraph 9 including all subparts.

10.      Defendants deny the allegations of paragraph 10.

11.      Defendants deny the allegations of paragraph 11.

## AFFIRMATIVE DEFENSES

1.      If Plaintiff sustained damages as alleged in the Complaint, which are denied, said damages were caused solely by or contributed by the acts, omissions, and fault of a third party, pursuant to Florida Statute § 768.81, and were not caused or contributed to by any acts, omissions, or fault of Defendants, or any of their officers, agents, contractors, servants, employees, or others whom were responsible. Defendants expressly reserve the right to amend their Affirmative Defenses to specifically name other individuals or entities as *Fabre* Defendants.

2.      Defendants affirmatively allege that Plaintiff failed to use reasonable care, and that said negligence proximately caused or contributed to the injuries or damages sustained by the Plaintiff. Therefore, any award to which the Plaintiff may be entitled is barred or must be reduced accordingly, pursuant to the doctrine of comparative negligence in Section 768.81, Florida Statutes.

3.      Defendants affirmatively allege that Plaintiff assumed the risk of injury and damages by virtue of her actions and/or inactions and therefore, Plaintiff's action is barred in whole or in part.

4.      Defendants affirmatively allege that the dangerous condition referred to in

Plaintiff's Complaint, if any, was known to Plaintiff, or, alternatively, if such condition was not known to Plaintiff, then such condition was so open and obvious as to be known to the Plaintiff as a matter of law and, therefore, Defendants owed no duty to Plaintiff.

5.      Defendants affirmatively allege that Plaintiff's knowledge of the condition complained of in Plaintiff's Complaint was equal to or greater than that of Defendants and therefore, Defendants are not liable to Plaintiff.

6.      Defendants are entitled to a setoff of all collateral source benefits paid or payable to Plaintiff under the provision of Section 768.76, Florida Statutes, or any other applicable statutes.

7.      Defendants affirmatively allege that Plaintiff failed to mitigate the damages she alleges to have suffered in Plaintiff's Complaint, including but not limited to a failure to timely seek medication attention and/or failing to heed the advice of medical personnel.

8.      Defendants affirmatively allege that Plaintiff's right to proceed in this action shall be extinguished due to Plaintiff's willful destruction of material evidence critical to Defendants' ability to adequately defend against the allegations in the Complaint, i.e. the shoes she was wearing at the time of the incident alleged herein.

9.      Defendants' liability for medical expenses does not include contractual adjustments, write-offs, or the like. Defendants are also entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

253170350v.1

10.     Defendants are liable only for a proportionate share of liability based upon the percentage of negligence, if any, apportioned to Defendants.

11.     Plaintiff fails to state a cause of action against Defendants, as Plaintiff failed to allege the duty owed to her by either Defendant. *Abad v. G4S Secure Sols. (USA), Inc.*, 293 So. 3d 26, 29 (Fla. 4th DCA 2020); *Harris v. Lewis State Bank*, 482 So. 2d 1378, 1384 (Fla. 1st DCA 1986).

12.     Plaintiff fails to state a cause of action and otherwise fails to comply with Fla. R. Civ. P. 1.110, as Plaintiff does not assert separate counts against the Defendants and otherwise impermissibly commingles multiple claims against the Defendants in one count. *K.R. Exch. Servs. v. Fuerst, Humphrey, Ittleman, PL*, 48 So. 3d 889, 893-94 (Fla. 3d DCA 2010); *Aspsoft, Inc. v. WebClay, Inc.*, 983 So. 2d 761, 768 (Fla. 5th DCA 2008); *Pratus v. City of Naples*, 807 So. 2d 795, 796-797 (Fla. 2d DCA 2002).

## <u>DEMAND FOR JURY TRIAL</u>

Defendants demand a trial by jury of all issues by right so triable.

253170350v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 26, 2021**, I electronically filed the foregoing pursuant to the Supreme Court of Florida Order No. AOSC13-49 with the Clerk of Court by using the Florida Courts E-Filing Portal who will send notice of this electronic filing to: **KEITH R. HERBERT, ESQUIRE**, (email@herbertlawgroup.com; service@HerbertLawGroup.com), The Herbert Law Group, (Attorneys for Plaintiff).

/s/ Steven E. Hermosa
SEAN M. McDONOUGH, ESQUIRE
Florida Bar No. 896446
sean.mcdonough@wilsonelser.com
STEVEN E. HERMOSA, ESQUIRE
Florida Bar No. 1009689
steven.hermosa@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida    32801
407-203-7599 - Phone
407-648-1376 - Facsimile
Attorneys for Defendants

253170350v.1

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER,                          CASE NO.: 2020-CA-011461 01

     Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

     Defendants.

_____/

### DEFENDANT, SPRINT CORPORATION, FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

YOU ARE HEREBY requested to produce and permit the undersigned attorneys for the

Defendant, SPRINT CORPORATION, to examine, inspect and/or copy the following

designated items within thirty days of service hereof at the offices of the undersigned:

1.    Income tax returns filed by the Plaintiff individually or any business entity in

which Plaintiffs had any interest, or copies thereof, for the years 2014-2020 and a record of

earnings in 2021 to date.

2.    All medical reports, including hospital records, pertaining to the injuries alleged

in the complaint and any and all medical records in the possession of plaintiffs prior to or

subsequent to the date of the alleged accident.

3.    All bills for medical and related expenses and any other documentation of claimed

special damages, including lost wages.

4.    Statements made by defendants or any representative of defendants relating to the

occurrence alleged in the complaint.

6.     Statements made by any witness to the alleged occurrence.

7     Photographs taken of the scene of the occurrence, or objects involved, and the effects of any injuries as alleged in the complaint.

8.     Any and all insurance policies, including the declaration sheets, providing benefits or coverage to plaintiff for any claimed injury or damage from the subject accident or occurrence.

9.     A copy of all notifications of intent to claim damages sent to any provider of any collateral source pursuant to Section 768.76, Florida Statutes.

10.     Any and all records from Medicare and/or Medicaid relating to payment of medical expenses related to treatment.

11.     A copy of all statements from any provider of any collateral source asserting any right of subrogation or reimbursement.

12.     A color copy of any and all photographs taken of the shoes being worn at the time of the alleged incident.

13.     Please produce the shoes which were being worn at the time of the alleged incident. Counsel will arrange to inspect at a mutually agreed time at the offices of the undersigned.

14.     A color copy of any and all photographs taken of the clothes being worn at the time of the alleged incident.

15.     Please produce the clothes which were being worn at the time of the alleged incident.   Counsel will arrange to inspect at a mutually agreed time at the offices of the undersigned.

253173927v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 26, 2021**, I electronically filed the foregoing pursuant to the

Supreme Court of Florida Order No. AOSC13-49 with the Clerk of Court by using the Florida

Courts E-Filing Portal who will send notice of this electronic filing to: **KEITH R. HERBERT,**

**ESQUIRE**, (email@herbertlawgroup.com; service@HerbertLawGroup.com), The Herbert Law

Group, (Attorneys for Plaintiff).

<div style="margin-left:40%">

/s/ Sean M. McDonough
SEAN M. McDONOUGH, ESQUIRE
Florida Bar No. 896446
sean.mcdonough@wilsonelser.com
STEVEN E. HERMOSA, ESQUIRE
Florida Bar No. 1009689
steven.hermosa@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida    32801
407-203-7599 - Phone
407-648-1376 - Facsimile
Attorneys for Defendants

</div>

SMM:ajc

253173927v.1

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

SANDRA CARTER,                                    CASE NO.:  2020-CA-011461 01

      Plaintiff,

v.

SPRINT CORPORATION, d/b/a
SPRINT and T-MOBILE US

      Defendants.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO PLAINTIFF

      NOTICE IS HEREBY GIVEN that Defendant, SPRINT CORPORATION, has served
the attached First Set of Interrogatories to Plaintiff to be answered in writing and under oath
within thirty days of service hereof.

## CERTIFICATE OF SERVICE

      I hereby certify that on **April 26, 2021**, I electronically filed the foregoing pursuant to the
Supreme Court of Florida Order No. AOSC13-49 with the Clerk of Court by using the Florida
Courts E-Filing Portal who will send notice of this electronic filing to: **KEITH R. HERBERT,
ESQUIRE**, (email@herbertlawgroup.com; service@HerbertLawGroup.com), The Herbert Law
Group, (Attorneys for Plaintiff).

                    /s/ Sean M. McDonough_____
                    SEAN M. McDONOUGH, ESQUIRE
                    Florida Bar No. 896446
                    sean.mcdonough@wilsonelser.com
                    STEVEN E. HERMOSA, ESQUIRE
                    Florida Bar No. 1009689
                    steven.hermosa@wilsonelser.com
                    Wilson Elser Moskowitz Edelman & Dicker LLP
                    111 North Orange Avenue, Suite 1200
                    Orlando, Florida   32801
                    407-203-7599 - Phone
                    407-648-1376 - Facsimile
                    Attorneys for Defendants

SMM:ajc

## <u>FIRST INTERROGATORIES TO PLAINTIFF</u>

1.      Please state the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the parties to whom the interrogatories are directed.

**<u>ANSWER:</u>**


2.      List the names, business addresses, dates of employment and rates of pay regarding all employers, including self employment, for whom Plaintiff has worked in the past ten years.

**<u>ANSWER:</u>**


3.      List all of Plaintiff's former name(s) and when you were known by those name(s). State all addresses where you have lived for the past ten years, the dates you lived at each address, your Social Security number, your date of birth, and if you are or have ever been married, the name of your spouse or spouses.

**<u>ANSWER:</u>**


4.      Does Plaintiff wear glasses, contact lenses or hearing aids?  If so, who prescribed them; when were they prescribed; when were their eyes or ears last examined; and what is the name and address of the examiner?

**<u>ANSWER:</u>**


5.      Has Plaintiff ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or false statement regardless of the punishment?  If so, state as to each conviction, the specific crime, the date and the place of conviction.

**<u>ANSWER:</u>**


6.      Was Plaintiff suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint?  If so, what was the nature of the infirmity, disability, or sickness?

**<u>ANSWER:</u>**

253172435v.1

7.      Did Plaintiff consume any alcoholic beverages or take any drugs or medication within twelve hours before the time of the incident described in the Complaint?  If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed and when and where you consumed them.

**ANSWER:**

8.      Describe in detail how the incident in the Complaint happened, including all actions taken by you to prevent the incident.

**ANSWER:**

9.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

10.     Describe each injury for which Plaintiff is claiming damages in this case, specifying the part of Plaintiff's body that was injured, the nature of the injury, and, as to any injuries Plaintiff contends are permanent, the effects on Plaintiff that Plaintiff claims are permanent.

**ANSWER:**

11.     List each item of expense or damage, other than loss of income or earning capacity, that Plaintiff claims to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each has incurred.

**ANSWER:**

12.     Do you contend that Plaintiff has lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint?  If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**ANSWER:**

13.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

14.     List the names and business addresses of each physician who has treated Plaintiff or examined Plaintiff, and each medical facility where Plaintiff has received any treatment or examination for the injuries for which he or she seeks damages in this case; and state as to each the date of treatment or examination and the injury or condition for which Plaintiff was examined or treated.

**ANSWER:**

15.     List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which Plaintiff has been examined or treated in the past ten years; and state as to each the dates of examination or treatment and the condition or injury for which Plaintiff was examined or treated.

**ANSWER:**

16.     List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

17.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and addresses of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

18.     State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the

253172435v.1

person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**


19.    Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**


20.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

**ANSWER:**


21.    Please state if Plaintiff has ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether Plaintiff was plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.


**ANSWER:**


22.    Provide Plaintiff's cell phone number, and the name and address of Plaintiff's cell phone provider/carrier, on the date of the alleged incident.

**ANSWER:**

253172435v.1

## <u>VERIFICATION</u>

The answers to the foregoing interrogatories are true and correct to the best of my knowledge.

_____
SANDRA CARTER

STATE OF _____)
                                      )SS
COUNTY OF _____)

SWORN TO AND SUBSCRIBED before me this ____ day of _____ 2021, by _____ .

_____
NOTARY PUBLIC SIGNATURE

STATE OF _____

Print Name/Stamp Commissioned Name:

_____

PERSONALLY KNOWN_____   PRODUCED IDENTIFICATION:_____

TYPE OF IDENTIFICATION:

253172435v.1